# Court of Appeals of the Navajo Nation

**Validating the Marriage of
Rose M. Garcia and Alfred Garcia
Decided February 20, 1985**

## OPINION

*Appeal reviewed by Chief Justice Nelson J. McCabe.*

*Wesley W. Atakai, Window Rock, Arizona, for the Appellant.*

On December 1, 1983, Rose M. Garcia filed a Petition for Validation of her marriage to Alfred Garcia, deceased. The petition set forth that Rose M. Garcia is an enrolled member of the Navajo Tribe of Indians and that decedent, Alfred Garcia, was a Mexican-American. The petition alleged that petitioner and decedent cohabitated and were recognized as husband and wife in the community. The petition also alleged a Navajo Traditional Wedding Ceremony on April 3, 1959, and recited four children born of the union.

On December 8, 1983, the trial court entered an Order denying the petition on the basis of 9 N.T.C. § 2. That section states:

Marriage between Navajos and non-Navajos *may be validly contracted only* by the parties' complying with applicable state or foreign law (emphasis supplied).

This section was passed by the Tribal Council on October 29, 1956. This was more than two years prior to the traditional ceremony alleged in the petition for validation.

The case came to the Court of Appeals on the sole issue of whether a marriage between a Navajo and a non-Navajo may be validated.

The Court was impressed by the arguments of counsel for the petitioner which recounted a history of non-Navajos adopting a Navajo way of life and becoming a part of their community. One particular example was Jesus Arviso, a man of Mexican origin who became a Navajo leader. The Court recognizes the contribution and importance of many non-Navajos

but finds that the provisions of the Navajo Tribal Code require it to affirm the decision of the trial court.

1 N.T.C. § 501 provides that a person who is at least one-fourth degree Navajo blood may become a member of the Navajo Tribe. 1 N.T.C. § 502 states that no one can become a Navajo except by birth. Consideration of these statutes along with 9 N.T.C. § 2 as set forth above compels this Court to hold that a Navajo and non-Navajo may have a valid marriage under the laws of the Navajo Nation only if they comply with applicable state or foreign law.

The Court recognizes that the Garcias had a long relationship and by this opinion does not intend to detract from the fact that they regarded themselves as married.

The Court by this decision does not decide the issue of whether the Garcias may have had a valid marriage under the laws of the state of their residence.

It is therefore Ordered that the decisions of the trial court be and hereby are affirmed.